## LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY *v.* CITY OF WHITING ET AL.

[No. 21,600.   Filed March 14, 1911.]

1. APPEAL.—*Final Judgments.*—Appeals can ordinarily be taken only from final judgments. p. 331.

2. APPEAL.—*Interlocutory Orders.—Eminent Domain.—City Parks. —Statutes.*—Where a city brought an action to condemn lands for park purposes, and appraisers were appointed and their report was filed a year before the taking effect of section five of the eminent domain act of 1905 (Acts 1905 p. 59, §933 Burns 1908) authorizing appeals in such cases from the interlocutory order appointing appraisers, an appeal from such order will not lie, since §272 of the municipal corporations act of 1905 (Acts 1905 p. 219, §9016 Burns 1908), provides that any pending proceeding shall be concluded and judgment rendered as if such act had not been passed. p. 331.

From Lake Circuit Court; *H. L. Barr*, Special Judge.

Action by the City of Whiting against the Lake Shore and Michigan Southern Railway Company and others. From an interlocutory judgment for plaintiff, said company appeals. *Appeal dismissed.*

*James S. Drake, S. C. Hubbell* and *Peter Crumpacker*, for appellant.

*F. N. Gavit* and *J. E. Westfall*, for appellee City of Whiting.

MONKS, J.—This proceeding was commenced by appellee city in 1903 to condemn land for a public park under the act of 1891 (Acts 1891 p. 116, §§4307–4312 Burns 1901).

The judge of the Lake Circuit Court appointed three commissioners to assess the damages. Afterwards, on July 8, 1903, appellant filed in the office of the city clerk objections and exceptions to the proceedings. On July 14, 1903, said commissioners filed their report of the amount of damages accruing to each owner, as required in §4308, *supra.* On the same day said appellee accepted said report, and appropriated the amount of money necessary to pay said damages, as provided in §§4309, 4310, *supra.* On July 20, 1903, appellant appealed to the court below under §4310, *supra,* where such proceedings were had that the cause was appealed to this court.

The transcript was filed in this court on January 10, 1910. Said appellee has filed a motion to dismiss this appeal, on the ground that "no appeal could be taken in this case except from a final judgment."

It is conceded by the parties in their briefs that a final judgment has not been rendered in this case. The general rule is that appeals can be taken from final judgments only. Elliott, App. Proc. §80.

1.

Counsel for appellant, however, insist that section five of the "act concerning proceedings in the exercise of eminent domain" (Acts 1905 p. 59, §933 Burns 1908) gives the right of appeal from the interlocutory order appointing appraisers, and that appellant "is entitled to the benefit of this additional remedy in the matter of appeal."

2.

It is a sufficient answer to this contention that this appeal is not from the order of the court appointing appraisers. They were appointed and had filed their report more than a year before said act of 1905 took effect.

Section twelve of said act of 1905 (§940 Burns 1908), and section 272 of " an act concerning municipal corporations" (Acts 1905 pp. 219, 410, §9016 Burns 1908), which last-named act contains sections providing for condemnation of land for public parks, expressly provide that the repealing provisions in said sections shall not affect pending proceedings, but that they shall be concluded and judgment rendered as if said act had not been passed. It is evident therefore that §933, *supra*, authorizing appeals from interlocutory orders appointing appraisers, has no application to this appeal.

As there is no statute allowing an appeal in proceedings like this, except from final judgments, it follows that this appeal must be dismissed. Appeal dismissed.